UNITED STATES BANKRUPCTY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Richard Slowey )
    PLAINTIFF )
)
v. ) Docket No:
)
Flagstar Mortgage Corporation )
    DEFENDANT )
)

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This Action seeks equitable relief, compensatory and putative damages and costs and attorney's fees for fraudulent and deceitful acts engaged I by the Defendant.

2. The plaintiff seeks compensation, as a result of his detrimental reliance of fraudulent representations with respect to a loan modification upon the mortgage loan that is currently held on plaintiff's residence, and enjoins the defendant from foreclosing on his home. In violation of Mass. Gen. Laws Ann. c.183C, 1 *et seq.*, the Massachusetts Anti-Predatory Mortgage Law, was passed overwhelmingly by the Massachusetts legislature, to curb abuses of consumers by mortgage lenders. Violations of c. 183C are also deemed to be violations of the Massachusetts Consumer Protection Law, c. 93A. Plaintiff alleges that Defendants have engaged in fraudulent misrepresentation with respect to lending practices and the servicing thereof which may result in the plaintiff losing his home.

3. In 1992, the Attorney General of Massachusetts promulgated 940 CMR 8.00 relating to mortgage lenders and mortgage brokers pursuant to the Attorney General's authority in M.G.L. c. 93A, s. 2(c). These regulations were designed to protect Massachusetts consumers seeking residential mortgage loans for home improvements and other purposes, other than for the purchase or initial construction of residential property or open-ended home equity lines of credit, and to ensure that the mortgage industry is operating fairly and honestly by means of legitimate and responsible business acts and practices that are neither unfair nor deceptive.

4. 940 CMR 8.06 (17) states that: It is an unfair or deceptive act or practice for a mortgage broker to process, make or arrange a loan that is not in the borrower's interest. Where the financial interest of a mortgage broker conflicts with the interests of the borrower (for example, where the broker's compensation will increase directly or indirectly if the borrower obtains a loan with higher interest rates, increased charges or less favorable terms than those for which a borrower would otherwise qualify), the broker shall disclose the conflict and shall not proceed to process, make or arrange the loan so long as such a

conflict exists. It is an unfair or deceptive act or practice for a mortgage broker to disclaim the duty established by 940 CMR 8.06(17) in a written contract or to assert in oral representations that a broker does not have such a duty in communications with the borrower.

## JURISDICTION

5. Jurisdiction is invoked pursuant to 28 USC § 1332 since it involves a civil action where the matter in controversy exceeds the sum or value of about $75,000.00 exclusive of interest and costs, between citizens of different states.

## VENUE

6. This action properly lies in the District of Massachusetts, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district.

## PARTIES

7. Richard Slowey, (the "Plaintiff"), is an individual who resides and owns a home at 85 Abells Rd. Yarmouth, Massachusetts. The Plaintiff is a borrower who used the services of Flagstar Mortgage Corporation as a mortgage lender to finance a mortgage on his residence located at 85 Abells Rd. Yarmouth, Massachusetts.

8. Flagstar Mortgage Corporation ("Flagstar") is the party whom services the home loan of the Plaintiff. Flagstar's principal place of business is 5151 Corporate DE, Troy, MI 48098. The Plaintiff used the services of Flagstar in connection with securing a mortgage on his residence at 85Abells Rd. Yarmouth, Massachusetts as well as negotiating a loan modification on the same mortgage.

9. At the time of the mortgage, in addition to the time of all representations with respect to the loan modification, Flagstar was a licensed mortgage lender in the Commonwealth of Massachusetts; Flagstar is a National Bank and can make residential loans in Massachusetts. Under Massachusetts law, Mortgage Lender or Lender means any person engaged in the business of making mortgage loans or issuing commitments for mortgage loans, including, but not limited to, mortgage lenders licensed or regulated by M.G.L. c. 255E, § 2 or by the Commissioner, and shall include all individuals who work on behalf of such lenders.

10. Flagstar's registered agent in the Commonwealth of Massachusetts is CT Corporation systems, whose address is: 101 Federal Street, Boston, Massachusetts.

FACTS

11. On or about June, 22, 2007, the Plaintiff, purchased a home at 85 Abells Rd. Yarmouth, Massachusetts for a purchase price in the amount of $382,500 (Book 22131, Page 164) and a mortgage loan in the amount of $344,250 with Flagstar (Book 22131, Page 166).

12. From the time the Plaintiff first purchased his home until he commenced a loan modification his home mortgage with Flagstar.

13. In or about January 2010, the Plaintiff realized due to financial hardship he might start to have difficulty paying all of his creditors.

14. In or about late January 2010 Plaintiff contacted Flagstar and the Defendant's agents for servicing and collection of the subject loan, Flagstar, and advised Plaintiff about his situation and requested a rescission, forbearance, loss mitigation assistance and/or a special repayment plan to avoid the loss of his home through foreclosure.

15. In response, Flagstar informed the Plaintiff that so long as he was current on his loan obligation, he would not be a candidate for a modification. The agent for Flagstar further informed the Plaintiff that he would have to be late on his payments to be considered for the program.

16. The Plaintiff understood that in order to qualify for a loan modification, he would need to miss his next few mortgage payments. Due to this fact and relying upon the representations of the Defendant, the Plaintiff did not pay his mortgage payments

17. In or about March 2010, the Plaintiff had a lengthy telephone interview with an agent of Flagstar. During the course of this interview, the agent requested a great deal of financial information relative to the Plaintiff's income and expenses. Upon information and belief, the agent was inputting the information into a computer database for Flagstar.

18. At the end of the aforementioned phone interview, the Plaintiff was informed by the agent of Flagstar that he did qualify for a mortgage modification.

19. Plaintiff relied upon representations of Flagstar and its agents to submit truthful and accurate representations of his finances on the mortgage modification. Flagstar indicated to Plaintiff that it would use the truthful and accurate information when completing and submitting the mortgage applications

20. On or about March 25th 2010, the Plaintiff received a written request for additional financial information and documentation.

21. On or about April 13, 2010, the Plaintiff truthfully provided Flagstar all of his income and all financial information requested on his mortgage loan modification.

22. On April 15, 2010 the Plaintiff was directed by an agent of Flagstar to complete another Flagstar on-line "qualification" questionnaire. Following this application the Plaintiff received a notification that he "may be eligible fir a Fannie Mae Making Home Affordable Modification Loan.

23. As a result of the April 15th, notification which was contrary to previous representations by the Defendant, on or about May 25, 2010, the Plaintiff retained the services of Fred Cook Mortgage Modification Specialist ("Fred").

24. From May 2010 until the present, multiple packages and follow-up documents were submitted by Fred to Flagstar.

25. Flagstar encouraged Plaintiff to put his home at risk by making "too good to be true" promises. Flagstar indicated that it would be able to modify the Plaintiff's property for a monthly payment which was significantly less then his current mortgage payments.

26. The Plaintiff's FICO Score and Credit Report have been adversely affected due to the Defendant's representation and Plaintiff's reliance upon same to stop making mortgage payments.

27. On or about July 22, 2010, Flagstar claimed that Plaintiff had fallen behind on his monthly mortgage payments. The reason the Plaintiff had fallen behind on this monthly payment was solely due to representations and inducement to fail to make payments by Flagstar.

28. On or about October 6, 2010, the Plaintiff received a letter from Flagstar indicating that it intended to initiate foreclosure proceedings.

29. The Defendants have failed to comply with its legal responsibilities, the terms of the subject mortgage and as a proximate result; this Plaintiff's delinquency has been improperly inflated by mortgage foreclosure filing, service and other fees and inspections costs, and by foreclosure attorney's fees in amounts that this Plaintiff cannot afford to pay. Therefore, this Plaintiff remains at the risk of losing his home.

30. Upon information and belief, the Defendant prefers homes to go to auction if there is private mortgage insurance ("PMI") in force.

31. Upon information and belief, when PMI has been issued, the bank has a right to an insurance claim for 100% of their loan and upon information and belief benefits more then receiving a lower modified mortgage payment.

## COUNT I (Collusion)

32. Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 31 of this Complaint herein.

33. A holder in due course for a personal residence is required under Massachusetts law to possess an original note and mortgage in which it has a secured interest. Upon information and belief, Flagstar has never proved it has the original notarized mortgage in its possession.

34. Defendant has deceived, mislead, or defrauded Plaintiff of his legal rights to own his residence and obtain through fraud to gain an unfair advantage when it attempted to foreclose on Plaintiff's residence without being able to produce any evidence that it was the holder in due course of the mortgage on the Plaintiff's house.

35. As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendant is liable.

### COUNT II —Massachusetts Consumer Protection Act

36. Defendant realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 35 of this Complaint herein.

37. This is an action for relief and for damages pursuant to the Massachusetts General Laws Chapter 93A, the Massachusetts Consumer Protection Act,(hereinafter "the Act").

38. At all times relevant, the Plaintiff was a "consumer" as defined by M.G.L. c.93A.

39. At all times relevant, the Defendant was engaged in "trade or commerce" as defined by M.G.L. c. 93A;

40. Violations of the Act are defined as unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful;

41. Defendants have violated the Act by engaging in unfair and deceptive acts and practices including not limited to fraudulently inducing Plaintiff by breaching plaintiff's duty of good faith and fair dealing based upon standards imposed by the residential mortgage lending and servicing industries;

42. As a direct and proximate result of the Defendants' unfair and deceptive acts and practices, Plaintiff has been damaged and such damages have been proximately caused by the Defendants' unfair and deceptive acts which have directly resulted in the Plaintiff being threatened with the loss of his homestead and the equity therein and an additional layer of foreclosure fees and costs were added to the delinquency and reinstatement balance.

### COUNT III (VIOLATION OF M.G.L. c. 167)

43. Plaintiff realleges and incorporates herein his statement of facts set forth herein above and the allegations contained in paragraphs 1 through 42 of this Complaint herein.

44. Plaintiff has violated M.G.L c. 167 by, as a bank, engaging in this commonwealth in unfair methods of competition or unfair or deceptive acts or practices involving consumer transactions.

45. As a direct and proximate result of the Defendant's unfair and deceptive acts and practices, this Plaintiff has been damaged and such damages have been proximately caused by the defendants' unfair and deceptive acts which have directly resulted in the Plaintiff being threatened with the loss of his homestead and the equity therein and an additional layer of foreclosure fees and costs were added to the delinquency and reinstatement balance.

46. As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendant is liable.

### COUNT VI (FRAUD)

47. Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 46 of this Complaint.

48. Plaintiff alleges that Defendants intentionally misrepresented material terms of the mortgage loan modification process.

49. Plaintiff alleges that Defendants used fraud when it completed the mortgage modification applications for him with the intent to deceive and misrepresent the Plaintiffs' real financial situation.

50. As a result of this conduct, Plaintiffs have suffered damages and harm for which the Defendant is liable.

### COUNT V (MISREPRESENTATION)

51. Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 50 of this Complaint.

52. Plaintiff alleges that Defendant deliberately hid and falsified material facts, including the fact that the Plaintiff did not need to miss mortgage payments in order to qualify for a loan modification, if known by the Plaintiff would have aborted, or at least significantly altered the basis of the Plaintiff payment conduct.

53. As a result of Defendant's conduct, Plaintiff has suffered damages and harm for which the Defendant is liable.

### COUNT VI (NEGLIGENCE)

54. Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 53 of this Complaint.

55. Plaintiff alleges that Defendant violated its duty of care and legal obligation to adhere to a standard of reasonable care as mortgage brokers and lenders while dealing with Plaintiff as a consumer.

56. Plaintiff alleges that defendant knowingly exposed the Plaintiff to a substantial risk of loss in the mortgage lending transactions described herein.

57. Plaintiff alleges that must be shown that the acts or omissions of the Defendant caused of the loss or damage sustained.

## COUNT VII BREACH OF FIDUCIARY DUTY

58. Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 57 of this Complaint.

59. Plaintiff alleges that Defendants are supposed to act for him in regards to mortgage modifications which give rise to a relationship of trust and confidence.

60. By entering into an Agreement with Plaintiff, Defendant owed a fiduciary duty to Plaintiff.

61. By its conduct as set forth above, Defendant has breached its fiduciary duties to Plaintiff causing him damages and harm for which the Defendant is liable.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Enter judgment for Plaintiff on all Counts of its Complaint;
2. Order the Defendant to provide the Court with original copies of the original Mortgage and Note for the property at 85 Abells Rd. West Yarmouth, Massachusetts that is being foreclosed;
3. Order the Defendant to provide an accounting of all earnings wrongfully gained by breach of their fiduciary duties to Plaintiff;
4. Issue an order or injunction barring any judicial or non judicial foreclosure or other lender action under the mortgage or deed of trust relating to the Plaintiff's residence at 85 Abells Rd. Yarmouth, Massachusetts;
5. Issue an order or injunction enjoining a lender from engaging in any prohibited conduct;
6. Impose such other relief, including injunctive relief, as the court may consider just and equitable;
7. Award Plaintiff damages as determined at trial, plus interest and costs as provided by law;
8. Award this Plaintiff actual damages and attorney's fees and costs to Plaintiff's counsel,
9. Award ancillary relief, including, but not limited to, rescission of contracts, restitution, and the disgorgement of ill-gotten monies, to prevent and remedy injury caused by Defendants' law violations;

JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

I agree with all statements made above:

_[signature]_
Richard Slowey

Respectfully submitted,
_[signature]_
Michael Goldstein, Esquire
(BBO #665880)
The Phillips Law Offices, LLC
220 Broadway, Suite 205
Lynnfield, MA 01940
Direct Tel. 781-595-3800
Main Line: 781-401-9994
FAX: 888-685-0331