UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD SLOWEY, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-11891-RGS |
| | ) | |
| FLAGSTAR MORTGAGE | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |

**PLAINTIFF, RICHARD SLOWEY'S OPPOSITION TO DEFENDANTS,
FLAGSTAR MORTGAGE'S MOTION TO DISMISS**

**INTRODUCTION**

This Court should deny the Defendants' Flagstar Mortgage, ("Flagstar"), Motion

to dismiss counts I, II, III, VI (sic), VI and VII of the Verified Complaint.  The Plaintiff,

Richard Slowey, ("Mr. Slowey) can further demonstrate that he has met all of the

requirements to state a claim under each count, based on the face of the Complaint.

**FACTS[1]**

By way of background, the Plaintiff, Mr. Slowey, purchased a home on or about

June 22, 2007 at 85 Abells Rd., Yarmouth, Massachusetts for the purchase price in the

amount of $382,500, and a mortgage loan in the amount of $344,250 with Flagstar.  From

the time the Plaintiff first purchased his home until he commenced a loan modification,

his home mortgage was with Flagstar.  In or about January 2010, the Plaintiff realized,

due to financial hardship, he might start to have difficulty paying all of his creditors.

In or about late January 2010, Plaintiff contacted Flagstar and the Defendant's

agents for servicing and collection of the subject loan, Flagstar, and advised Plaintiff

---

[1] All the Facts have been derived from the Complaint as no discovery has been conducted.

about his situation.   At this time he requested a rescission, forbearance, loss mitigation assistance and/or a special repayment plan to avoid the loss of his home through foreclosure.   In response, Flagstar informed the Plaintiff that so long as he was current on his loan obligation, he would not be a candidate for a modification.   The agent for Flagstar further informed the Plaintiff that he would have to be late on his payments to be considered for the program.   The Plaintiff understood that in order to qualify for a loan modification, he would need to miss his next few mortgage payments.   Due to this fact, and relying upon the representations of the Defendant, the Plaintiff did not pay his mortgage payments.   In or about March 2010, the Plaintiff had a lengthy telephone interview with an agent of Flagstar.   During the course of this interview, the agent requested a great deal of financial information relative to the Plaintiff's income and expenses.   Upon information and belief, the agent was inputting the information into a computer database.   At the end of the aforementioned phone interview, the Plaintiff was informed by the agent of Flagstar that he did qualify for a mortgage modification.

Plaintiff relied upon representations of Flagstar and its agents to submit truthful and accurate representations of his finances on the mortgage modification.   Flagstar indicated to Plaintiff that it would use the truthful and accurate information when completing and submitting the mortgage applications.  On or about March 25th, 2010, the Plaintiff received a written request for additional financial information requested on his mortgage loan modification.   On or about April 13th, 2010, the Plaintiff truthfully provided Flagstar all of his income and all financial information requested on his mortgage loan modification.  On April 15, 2010 the Plaintiff was directed by an agent of Flagstar to complete another Flagstar on-line "qualification" questionnaire.   Following

this application the Plaintiff received a notification that he "may be eligible for a Fannie Mae Making Home Affordable Modification Loan."

As a result of the April 15th notification, which was contrary to previous representations by the Defendant, on or about May 25, 2010, the Plaintiff retained the services of Fred Cook Mortgage Modification Specialist ("Fred").  From May 2010 until the present, multiple packages and follow-up documents were submitted by Fred to Flagstar.  Flagstar encouraged Plaintiff to put his home at risk by making "too good to be true" promises.  Flagstar indicated that it would be able to modify the Plaintiff's property for a monthly payment which was significantly less than his current mortgage payments.  The Plaintiff's FICO Score and Credit Report have been adversely affected due to the Defendant's representation and Plaintiff's reliance upon same to stop making mortgage payments.

On or about July 22, 2010, Flagstar claimed that Plaintiff had fallen behind on his monthly mortgage payments.  The reason the Plaintiff had fallen behind on his monthly payment was solely due to representations and inducement to fail to make payments by Flagstar.  On or about October 6, 2010, the Plaintiff received a letter from Flagstar indicating that it intended to initiate foreclosure proceedings.

The Defendants have failed to comply with its legal responsibilities, the terms of the subject mortgage, and as a proximate result; this Plaintiff's delinquency has been improperly inflated by mortgage foreclosure filing, service and other fees and inspections costs, and by foreclosure attorney's fees in amounts that this Plaintiff cannot afford to pay.  Therefore, this Plaintiff remains at the risk of losing his home.  Upon information and belief, the Defendant prefers homes to go to auction if there is private mortgage

insurance ("PMI") in force.  Upon information and belief, when PMI has been issued, the bank has a right to an insurance claim for 100% of their loan and upon information and belief benefits more than receiving a lower modified mortgage payment.

## LEGAL STANDARD

When evaluating the sufficiency of a complaint pursuant to Rule 12(b) (6) of the Rules of Civil Procedure, the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in plaintiff's favor. Eval v. Helen Broadcasting Corp., 411 Mass. 436, 439 (1991).  "The plaintiff's need only to surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim." Bell v. Mazza, 394 Mass. 176, 184 (1985). "[D]ismissals on the basis of pleadings, before facts have been found are discouraged." Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987).  A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader v. Citron, 372 Mass. 96, 98 (1977).

## ARGUMENT

### I.        MR. SLOWEY CAN ESTABLISH A CLAIM FOR COLLUSION

Mr.  Slowey can establish all of the essential elements of a collusion claim. Collusion is a relatively new cause of action in Massachusetts.  Several cases have touched upon this cause of action.  Commonwealth v. Fremont Investment and Loan, 897 N.E. 2d 548 (2008).   Mr. Slowey has asserted claims in his complaint meeting each of

the forgoing elements to the claim of collusion.  Based on the face of the complaint,

under Eval v. Helen Broadcasting Corp., we believe that Mr. Slowey has stated sufficient

basis for the claim.


## II.      MR. SLOWEY CAN ESTABLISH A CLAIM FOR VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

Mr. Slowey can establish all the elements necessary to establish a claim for

violation of the Massachusetts Consumer Protection Act.   In order to establish a claim

for violation of the Massachusetts Consumer Protection Act pursuant to M.G.L. c. 93A, a

plaintiff in a 93A action must plead and prove as part of his or her prima facie case that at

least the defendant is engaged in "trade or commerce".  The general subject matter

jurisdiction requirement under c.93A is that at least the defendant must be engaged in

trade or commerce.  "that the statutory words '[u]nfair and deceptive practices' are not

limited by traditional tort and contract requirements." Commonwealth v. DeCotis, 366

Mass. 234, 244 n.8, 316 N.E.2d 748, 755 n.8, 89 A.L.R.3d 387 (1974) (quoting with

approval from the brief submitted by the Attorney General); Slaney v. Westwood Auto,

Inc., 366 Mass. 688, 693, 322 N.E.2d 768, 773, 89 A.L.R.3d 433 (1975); Nei v. Burley,

388 Mass. 307, 313, 446 N.E.2d 674, 678 (1983) ("analogies between common law

claims for breach of contract, fraud, or deceit and claims under c.93A are inappropriate

because c.93A dispenses with the need to prove many of the essential elements of those

common law claims.").   " '[i]t is impossible to frame definitions which embrace all

unfair practices … [t]here is no limit to human inventiveness in this field.'" Levings v.

Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 396 N.E.2d 149, 153 (1979).  Berger v.

Vanasse, No. 86-1968-N, slip op. (D.Mass. Mar. 22, 1989) (Collings, USM), p. 3, 17

M.L.W. 1594 (Apr. 24, 1989) ("[t]he concepts of 'unfair' and 'deceptive' acts or

practices are flexible, defying precise, simplistic definition."). Kattar v. Demoulas, 433

Mass. 1, 13, 739 N.E.2d 246, 257 (2000) (court stated that "[s]uch a definition [of the

93A standard] would be impossible" and quoted statement from Levings v. Forbes &

Wallace); Cummings v. HPG Intern., Inc., 244 F.3d 16, 25 (1st Cir. 2001) ("Chapter 93A

is broad in scope and does not catalogue the type of conduct falling within its prohibition

…"); Darviris v. Petros, 442 Mass. 274, 278, 812 N.E.2d 1188, 1192 (2004) ("the limits

of [93A] are not precisely defined"). Palochko v. Reis, 67 Mass. App. Ct. 103, 106, 852

N.E.2d 127, 130 (2006) ("M.G.L.A. c. 93A, § 11, affords businessmen certain remedies

that 'elude conventional definitions and categories.") Com. v. Fremont Investment &

Loan, 452 Mass. 733, 742, 897 N.E.2d 548, 556 (2008) (court cited to "there is no limit

to human inventiveness" language). Massachusetts courts "[have] declined to adopt a

static definition of either 'unfair' or 'deceptive'." Purity Supreme, Inc. v. Attorney

General, 380 Mass. 762, 776, 407 N.E.2d 297, 307, 7 A.L.R.4th 771 (1980). Aspinall v.

Philip Morris Companies, Inc., 442 Mass. 381, 394, 813 N.E.2d 476, 486–487 (2004).

In defining the terms unfair or deceptive Massachusetts courts are advised "'to

discover and make explicit those unexpressed standards of fair dealing which the

conscience of the community may progressively develop.'" Commonwealth v. DeCotis,

366 Mass. 234, 242, 316 N.E.2d 748, 754, 89 A.L.R.3d 387 (1974) quoting, Federal

Trade Commission v. Standard Education Soc., 86 F.2d 692, 696 (C.C.A. 2d Cir. 1936),

modified, 302 U.S. 112, 58 S. Ct. 113, 82 L. Ed. 141 (1937); cited in, Lowell Gas Co. v.

Attorney General, 377 Mass. 37, 51, 385 N.E.2d 240, 249 (1979). *But compare* Doliner

v. Brown, 21 Mass. App. Ct. 692, 489 N.E.2d 1036, 1041 (1986) (the dissenting judge,

quoting language from DeCotis, criticized the majority opinion for failing to find 93A

violation for interference with a prospective contractual relation).

Fourth, the existence of unfair acts, and possibly also the existence of deceptive

acts, "must be determined from the circumstances of each case." Commonwealth v.

DeCotis, 366 Mass. 234, 242, 316 N.E.2d 748, 754, 89 A.L.R.3d 387 (1974); Schubach

v. Household Finance Corp., 375 Mass. 133, 137, 376 N.E.2d 140, 142 (1978); Don

Lorenz, Inc. v. Northampton Nat. Bank., 6 Mass. App. Ct. 933, 381 N.E.2d 1108 (1978);

Heller v. Silverbranch Const. Corp., 376 Mass. 621, 626, 382 N.E.2d 1065, 1070 (1978);

Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 389 N.E.2d 1046, 1048

(1979); Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 396 N.E.2d 149, 153

(1979); Purity Supreme, Inc. v. Attorney General, 380 Mass. 762, 771, 407 N.E.2d 297,

303, 7 A.L.R.4th 771 (1980); V.S.H. Realty, Inc. v. Texaco, Inc., 757 F.2d 411, 416 n.4

(1st Cir. 1985); Doliner v. Brown, 21 Mass. App. Ct. 692, 489 N.E.2d 1036, 1040 (1986)

("[t]he situations have to be sized up one by one."); Kerlinsky v. Fidelity & Deposit Co.

of Maryland, 690 F. Supp. 1112, 1119 (D. Mass. 1987), judgment aff'd, 843 F.2d 1383

(1st Cir. 1988) ("it is not the definition of an unfair act which controls but the context—

the circumstances to which that single definition is applied."); Fraser Engineering Co.,

Inc. v. Desmond, 26 Mass. App. Ct. 99, 524 N.E.2d 110, 112 (1988).   Mr. Slowey has

asserted claims in his complaint which meet the elements as intended by the statute and

court holdings to the claim of violation of M.G.L. 93A.    Based on the face of the

complaint, under Eval v. Helen Broadcasting Corp., we believe that Mr. Slowey has

stated sufficient basis for the claim.

### III.   MR. SLOWEY CAN ESTABLISH A CLAIM FOR VIOLATION OF M.G.L. c. 167

Mr. Slowey can establish all the elements necessary to establish a claim for violation of the Massachusetts General Laws Chapter 167.   In order to establish a claim for violation of M.G.L. c. 167, a Plaintiff must demonstrate that the Defendant is a "Bank," Defendant has engaged in unfair methods of competition or unfair or deceptive acts or practices, that involve consumer transactions, and occurred within the Commonwealth of Massachusetts.  Mr. Slowey has asserted claims in his complaint meeting each of the forgoing elements to the claim of violation of M.G.L. c. 167.  Based on the face of the complaint, under Eval v. Helen Broadcasting Corp., we believe that Mr. Slowey has stated sufficient basis for the claim.

### VI.   MR. SLOWEY CAN ESTABLISH A CLAIM FOR FRAUD

Mr. Slowey can establish all the elements necessary to establish a claim for Fraud. Because Massachusetts Rule of Civil Procedure, Rule 9(b) requires that a pleading averring fraud state the circumstances with particularity, an "oblique remark" merely suggesting fraud will not suffice.  Charbonnier v. Amico, 367 Mass. 146, 152, 324 N.E.2d 895, 899 (1975).   However, when fraud is asserted offensively, Rule 9(b) does not require particularity with respect to all of the classic elements of a deceit claim. Greenhood v. Orr & Sembower, Inc., 158 F.Supp. 906, 908 (D. Mass. 1958).  Obviously, plaintiff should particularize as to the identity of the person making the misrepresentation, the contents of the misrepresentation and where and when it took

8                                                                    8

place. To the extent possible, the complaint should also specify the nature of the misrepresentation, its materiality, plaintiff's reliance Saltmarsh v. Saltmarsh, 395 Mass. 405, 411, 480 N.E.2d 618, 623 (1985) and the resulting harm.  Equipment & Systems for Industry, Inc. v. Northmeadows Construction Co., Inc., 59 Mass. App. Ct. 931, 931-932, 798 N.E.2d 571, 574 (2003). Reliance alone is a condition of mind and hence may probably be averred generally under the second sentence of Rule 9(b).

The tests are whether the complaint (1) adequately warns defendant of the particular statements which constituted the alleged fraud; Friedman v. Jablonski, 371 Mass. 482, 489, 358 N.E.2d 994, 998-999 (1976) and (2) shows sufficient aspects of reliance and damage.  Jessie v. Boynton, 372 Mass. 293, 304 361 N.E.2d 1267 1274 (1977).

Because the Consumer Protection Act greatly expands the range of common-law fraud or deceit, the simplicity which Rule 9(a) requires does not necessarily apply to statutory claims for unfair and deceptive practices.  U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass. App. Ct. 404, 407, 551 N.E.2d 922, 925 (1990).

In any event, if the fraud allegations are deficient, the pleader should receive an opportunity to amend.  Mr. Slowey has asserted claims in his complaint meeting requirements of a offensive pleading of fraud based upon the case law.

### IV.    MR. SLOWEY CAN ESTABLISH A CLAIM FOR NEGLIGENCE

Mr. Slowey can establish all the elements necessary to establish a claim for Negligence.   In order to establish a claim for negligence, a Plaintiff must demonstrate (1) the Defendant conducted an act or omission in violation of duty, Pickett v. Waldorf

System, 241 Mass. 569, 571, 136 N.E. 64, 65 (1922); (2) a failure to conform to the

standard of the reasonably prudent man, Boston, Cape Code & N.Y. Canal Co. v.

Seaboard Transp. Co., 270 Fed. 525, 529 (1st Cir.1921), cert. denied 256 U.S. 692, 41

S.Ct. 534, 65 L.Ed. 1174 (1921); (3) conduct which falls below the standard established

by law for the protection of others against unreasonable risk of harm. Whatever the

definition, all negligence consists of four elements: (1) duty; (2) breach of duty; (3)

damage; (4) causal relation between breach of duty and damage. Marengo v. Roy, 318

Mass. 719, 722, 63 N.E.2d 893, 895 (1945).  Mr. Slowey has asserted claims in his

complaint meeting each of the forgoing elements to the claim of negligence.  Based on

the face of the complaint, under Eval v. Helen Broadcasting Corp., we believe that Mr.

Slowey has stated sufficient basis for the claim.


### V.     MR. SLOWEY CAN ESTABLISH A CLAIM FOR BREACH OF FINDUCIARY DUTY

Mr. Slowey can establish all the elements necessary to establish a claim for Breach of

Fiduciary Duty.   Defendant's citations refer to a lack of duty between a bank and its

customer's when involved in an arms-length business transaction.  However, when

Defendant's representatives induced Mr. Slowey to stop making mortgage payments the

transaction was no longer arms-length, but a personal transaction where Mr. Slowey

trusted the knowledge and information of those representatives.  A court will impose a

fiduciary duty where: A plaintiff reposes trust and confidence in the defendant, and the

defendant knows of the plaintiff's reliance on him.  *See* Broomfield v. Kosow, 349 Mass.

749, 754-758 (1965)("The catalyst in such a change is the defendant's knowledge of the

plaintiff's reliance upon him").  Mr. Slowey has asserted claims in his complaint meeting

each of the forgoing elements to the claim of breach of fiduciary duty.  Based on the face

of the complaint, under Eval v. Helen Broadcasting Corp., we believe that Mr. Slowey

has stated sufficient basis for the claim.


## CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests that this

Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Complaint in its

entirety, with prejudice.  Plaintiff respectfully requests a hearing on this matter.


Respectfully submitted,
Richard Slowey,
By his attorney,

/s/ Michael Goldstein

Michael Goldstein, Esq.
BBO# 665880
508 695 9989
The Phillips Law Offices, LLC
220 Broadway, Suite 205
Lynnfield, Ma 01940


Date: March 15, 2011

## CERTIFICATE OF SERVICE

I, Michael Goldstein, hereby certify that a true and correct copy of the foregoing

Opposition to Defendant's Motion to Dismiss was served upon the parties listed below

via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system,

then via first class mail, postage prepaid, on March 15, 2011.


Mary Ellen Manganelli mmanganelli@bulkley.com, mkirousis@bulkley.com


/s/ *Michael Goldstein*
Michael Goldstein