UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11891-RGS

RICHARD SLOWEY

v.

FLAGSTAR MORTGAGE CORP.

ORDER ON MOTION TO DISMISS

March 24, 2011

STEARNS, D.J.

Plaintiff Richard Slowey filed this case against Defendant Flagstar Bank, FSB, claiming that it fraudulently induced him to discontinue making his mortgage payments in order to initiate foreclosure proceedings and take his property. Slowey's Verified Complaint asserts six counts - Count I – collusion; Count II – violations of Mass. Gen. Laws ch. 93A; Count III – violations of Mass. Gen. Laws ch. 167; Count IV – fraud; Count V – misrepresentation; Count VI – negligence; and Count VII – breach of fiduciary duty. Flagstar moves to dismiss six of the seven counts of the Verified Complaint for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The allegations taken from the Verified Complaint, which are viewed in the light most favorable to Slowey, are as follows.

On or about June 22, 2007, Slowey purchased the real property at 85 Abells Road, Yarmouth, Massachusetts for a purchase price of $382,500.00. Slowey granted Flagstar a first mortgage in the amount of $344,250.00. In January of 2010, Slowey began to experience financial difficulties. He contacted Flagstar to discuss his financial problems and asked for assistance with a forbearance, loss mitigation assistance, or special repayment plan. Flagstar informed Slowey that it could not assist him with a modification so long as he remained current on his mortgage loan obligations. Verified Compl. ¶ 15. Based on these representations, Slowey did not make his next few mortgage payments.

In March of 2010, Slowey provided Flagstar with financial information by telephone. At the end of a telephone conference, Flagstar informed Slowey that he qualified for a loan modification. Verified Compl. ¶ 18. Later in March of 2010, Slowey received a written request from Flagstar seeking additional financial information in order to process his loan adjustment. Slowey provided the requested information on April 13, 2010.

On April 15, 2010 the Slowey was directed by an agent of Flagstar to complete another Flagstar on-line "qualification" questionnaire. After submitting this application, Slowey received a notice that he "may be eligible for a Fannie Mae Making Home Affordable Modification Loan." As the April 15th notice contradicted Flagstar's

previous assurances, on May 25, 2010, Slowey retained the services of Fred Cook

Mortgage Modification Specialist (Fred) to assist with the new application. From May

of 2010 to the filing of the Complaint, multiple application packages and follow-up

documents were submitted by Fred to Flagstar. On July 22, 2010, Flagstar notified

Slowey that he was behind on his monthly mortgage payments. On October 6, 2010,

Flagstar informed Slowey that it intended to initiate foreclosure proceedings.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible." *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009) (quotation omitted). "When there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." *Id*. at 1950. In *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that, "[w]hile a complaint

attacked by the Rule 12(b)(6) motion does not need detailed factual allegations, a

plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Id*. at 555 (internal citations and quotations omitted). In other

words, the Complaint must allege "a plausible entitlement to relief" in order to survive

a motion to dismiss. *Id*. at 559.

Count I - Collusion

The court agrees with Flagstar that Massachusetts has no cognizable cause of action resembling "collusion" as recited in the complaint. The case cited by Slowey, *Commonwealth v. Fremont Inv. & Loan*, 452 Mass. 733 (2008), arose from litigation initiated by the Massachusetts Attorney General under the Massachusetts Consumer Protection Law Chapter 93A seeking to restrain named mortgage lenders from foreclosing certain "subprime" mortgage loans. The case does not recognize (or discuss) a common-law claim of "collusion." This claim will be dismissed.

Count II - violations of Mass. Gen. Laws ch. 93A

The sending of a demand letter at least thirty days prior to filing a claim under section 9 of Mass. Gen. Laws ch. 93A is a jurisdictional prerequisite. *Lingis v. Waisbren*, 75 Mass. App. Ct. 464, 468 (2009).

> At least thirty days before the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent. Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner.

Mass. Gen. Laws ch. 93A, § 9(3). Flagstar states that no demand letter was received.

Slowey does not allege sending one.  Consequently, this court will also be dismissed.

Count III - Violation of Mass. Gen. Laws ch. 167

The Verified Complaint asserts this claim against Flagstar for allegedly "unfair and deceptive acts" that have resulted in Slowey "being threatened with the loss of homestead and any equity and cost him additional foreclosure fees and costs." Verified Compl. ¶ 45.  Section 2A of Chapter 167 provides, in relevant part, that "[n]o bank shall engage in this commonwealth in unfair methods of competition or unfair or deceptive acts or practices involving consumer transactions."  Mass. Gen. Laws  ch. 167, § 2A.  The statute requires the Massachusetts Commissioner of Banks to promulgate rules and regulations defining prohibited acts and practices, and to provide for compliance.  This statute does not provide for a private right of action.  Therefore, Count III will be dismissed.  *See Salvas v. Wal-Mart Stores, Inc.*, 452 Mass. 337, 373 (2008) (a statute lacking express language creating a private right of action cannot be enforced by a citizen plaintiff); *Loffredo v. Ctr. for Addictive Behaviors*, 426 Mass. 541, 543 (1998) ("[A] clear legislative intent is necessary to infer a private cause of action from a statute.").

Count IV - Fraud

In this Count, Slowey alleges that Flagstar "intentionally misrepresented material terms of the mortgage loan modification process."   Flagstar asks the court to dismiss

this count asserting that it fails to state the allegations of fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b). I disagree. The fact section of the Verified Complaint sets out "specific facts that make it reasonable to believe that [Flagstar] knew that a statement was materially false or misleading." *Serabian v. Amoskeag Bank Shares, Inc.*, 24 F.3d 357, 361 (1st Cir. 1994). Slowey includes dates and the circumstances of alleged misleading statements. Count IV is therefore adequately plead.

Count VI - Negligence

The economic loss doctrine bars recovery of solely economic losses in tort action unless a plaintiff can establish that the injuries suffered resulted in physical harm or property damage. *Cumis Ins. Soc'y, Inc. v. B.J. Wholesale Club, Inc.*, 455 Mass. 458, 469 (2009); *FMR Corp. v. Boston Edison Co.*, 415 Mass. 393, 395 (1993) ("[P]urely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage."). The Verified Complaint contains no allegations of any personal injury or property damage that Slowey has suffered as a result of Flagstar's conduct. Accordingly, this claim will be dismissed.

Count VII - Breach of Fiduciary Duty

Count VII is entitled "Breach of Fiduciary Duty." It asserts that Flagstar is liable to Slowey for breaching a fiduciary duty because it is "supposed to act for him in

regards to mortgage modifications." *See* Verified Compl. ¶¶ 58-61. "Lenders normally do not owe borrowers fiduciary duties." *Pimental v. Wachovia Mortg. Corp.*, 411 F. Supp. 2d 32, 39 (D. Mass. 2006), citing *Adams Co-Operative Bank v. Greenberg*, 212 B. R. 422, 428 (Bankr. D. Mass. 1997) ("Traditionally Massachusetts courts have viewed a bank's relationship to its customers simply as one of creditor and debtor."). However, a fiduciary relationship can arise "if a lender both knows that a borrower is placing her trust in [the lender's representations] and accepts that trust." *Pimenthal*, 411 F. Supp. 2d at 40. Slowey avers that he placed his trust in Flagstar – upon its recommendation, Slowey stopped making mortgage payments. In the light most favorable to Slowey, Flagstar misused that trust for financial gain. Count VII is adequately plead for purposes of a motion to dismiss.

## ORDER

For the foregoing reasons, Flagstar's motion to dismiss Counts I, II, III, and VI is <u>ALLOWED</u>. Flagstar's motion to dismiss Counts IV and VII is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE